**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**SAN ANTONIO DIVISION**

| | | |
|---|---|---|
| **STACY JONES,** | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | **CIVIL ACTION NO.** |
| | § | **SA-21-CA-0711** |
| **Christine Wormuth, Secretary,** | § | |
| **DEPARTMENT OF THE ARMY,** | § | |
| **Defendant.** | § | |

## COMPLAINT

Plaintiff Stacy Jones, by her attorneys Gaul and Dumont, complaining of Defendant Christine Wormuth, Secretary, Department of the Army, alleges:

### JURISDICTION AND VENUE

(1)     This action is brought to remedy discrimination on the basis of race (Black), in the terms, conditions, and privileges of employment, in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e *et seq.*

This is also an action for retaliation for previous protected activity under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e *et seq.*

(2)     Injunctive and declaratory relief, damages, and other appropriate legal and equitable relief are sought pursuant to 42 U.S.C. §2000e-5(f) and (g) and 42 U.S.C. §1981a.

(3)     Plaintiff Stacy Jones, a resident of the State of Texas, filed a Formal Complaint of Discrimination against Defendant on October 12, 2016, through the Federal Sector Equal Employment Opportunity Commission ("EEOC") system, complaining of race and sex discrimination, retaliation, and hostile work environment. Due to ongoing discrimination, retaliation, and hostile work environment, Plaintiff filed 12 amendments to the Formal Complaint from October 25, 2016 to December 1, 2017.

While the first Formal Complainant of Discrimination was pending, Plaintiff was required to file an additional Formal Complainant of Discrimination on March 25, 2020, with amendments on September 11, 2020 and September 23, 2020, as a result of additional discrimination based on race (Black), reprisal, and hostile work environment.

(4)   In accordance with 29 CFR § 1614.407, it has been more than 180 days since Plaintiff filed the second Formal Complaint and amendments, and there has been no final action by Defendant.

(5)   Plaintiff has complied fully with all prerequisites to jurisdiction in this Court under Title VII.   Jurisdiction of the Court is proper under §706(f)(3) of Title VII, 42 U.S.C. §2000e-5(f)(3).

(6)   As the unlawful employment practices complained of herein occurred within the Western District of Texas, venue is proper in this District pursuant to §706(f)(3) of Title VII, 42 U.S.C. §2000e-5(f)(3), and 28 U.S.C. §1391(b).

## PARTIES

(7)   Plaintiff has been employed by Defendant since March 2008, and is presently assigned as Current Operations Staff Specialist, 0301, GS-13, at Fort Sam Houston, Joint Base San Antonio, Texas.

(8)   Defendant is an employer as defined by Title VII.

### ALLEGATIONS COMMON TO ALL CAUSES OF ACTION

(9)   In her second Formal Complaint and 2 amendments, Plaintiff reported the following incidents of discrimination, retaliation, and hostile work environment:

a. From August 28, 2019 to on or about October 15, 2019, Plaintiff was denied telework which was previously approved in June 2019, while two other similarly situated coworkers were

allowed to continue using telework up to three times a week.

b. On or about September 8, 2019, Plaintiff was inappropriately denied premium time requests for compensatory time earned.

c. On or about September 13, 2019, Plaintiff was denied Operations Security (OPSEC) Level II training on September 17-19, 2019.

d. On September 20, 2019, Plaintiff was intimidated when she was threatened by her supervisor that Plaintiff had put a black mark on her supervisor and the supervisor was not sure what she was going to do but she was going to do something about it.

e. On October 15, 2019, Plaintiff was threatened with disciplinary action for not meeting with her supervisor and Management and Employee Relations (MER) immediately, with regard to Plaintiff's scheduled leave.

f. On October 17, 2019, Plaintiff was instructed to come to her supervisor's office after Plaintiff requested extended sick leave for a medical appointment.

g. On October 18, 2019, Plaintiff was issued a written verbal counseling for misconduct and lack of candor.

h. On October 31, 2019, Plaintiff was removed as the lead Action Officer on OPORD initiative and meetings with senior leadership.

i. On December 11, 2019, Plaintiff was not selected for an internal vacancy, GS-0301-13, Current Operations Staff Officer with the G-3/5/7 Directorate.

j. On or about March 9, 2019, Defendant denied one of Plaintiff's many requests to be reassigned to another directorate due to retaliation and harassment within the G3/5/7 Directorate.

k. From March 2020 to June 2020, Defendant allowed Plaintiff's previous supervisor to access Plaintiff's daily work folders, emails, files and spreadsheets.

l. From March 2020 to June 2020, upper management failed to respond timely and intervene to requests for help after Plaintiff reported her emails in the program folders were being copied and deleted.

m. From March 2020 to June 2020, upper management failed to respond to Plaintiff's request to remove employees who do not have a need to access Plaintiff's work files.

n. On June 4, 2020, upper management instructed a team member to release/distribute an operations order through official channels to IMCOM Garrisons worldwide using Plaintiff's signature block without her knowledge or permission after Plaintiff requested several times for this to stop.

o. On June 24, 2020, Defendant denied Plaintiff's nomination to receive the GEN Perna Commanding General, Army Materiel Command's award and recognition for outstanding performance.

p. On August 4, 2020, Defendant denied Plaintiff's third request for Quality Step Increase (QSI) for performance and assumption of additional supervisory duties.

q. On August 17, 2020, Plaintiff was denied administrative leave to respond and provide input to the EEOC complaint, in accordance with regulations.

**FIRST CAUSE OF ACTION**

(10)    Defendant has discriminated against Plaintiff in the terms and conditions of her employment on the basis of her race (Black), in violation of Title VII.

(11)    Plaintiff is now suffering and will continue to suffer irreparable injury and monetary damages as a result of Defendant's discriminatory practices unless and until this Court grants relief.

## SECOND CAUSE OF ACTION

(12)    Defendant has retaliated against Plaintiff in the terms and conditions of her employment in violation of Title VII.

(13)    Plaintiff is now suffering and will continue to suffer irreparable injury and monetary damages as a result of Defendant's retaliatory practices unless and until this Court grants relief.

## THIRD CAUSE OF ACTION

(14)    Defendant has created a hostile work environment in violation of Title VII.

(15)    Plaintiff is now suffering and will continue to suffer irreparable injury and monetary damages as a result of hostile work environment created by Defendant unless and until this Court grants relief.

## PRAYER FOR RELIEF

(16)    WHEREFORE, Plaintiff respectfully requests this Court enter a judgment:

(a)     Declaring the acts and practices complained of herein are in violation of Title VII;

(b)     Enjoining and permanently restraining these violations of Title VII;

(c)     Directing Defendant to take such affirmative action as is necessary to ensure the effects of these unlawful employment practices are eliminated and do not continue to affect Plaintiff's employment opportunities;

(d)     Directing Defendant to place Plaintiff in the position she would have occupied but for Defendant's discriminatory/retaliatory treatment of her, and make her whole for all earnings she would have received but for Defendant's discriminatory/retaliatory treatment, including, but not limited to, wages, pension, and other lost benefits;

(e)     Awarding Plaintiff compensatory damages;

(f)     Awarding Plaintiff, the costs of this action together with reasonable attorneys' fees, as provided by §706(k) of Title VII, 42 U.S.C.

§2000e-5(k); and

(g)     Granting such other and further relief as this Court deems necessary and proper.

## DEMAND FOR A TRIAL BY JURY

(17)     Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands

a trial by jury in this action.

Respectfully submitted,

LAW OFFICES OF
GAUL AND DUMONT
315 East Euclid Avenue
San Antonio, Texas 78212
(210) 225-0685
(210) 595-8340 - Fax


By:*/s/Malinda A. Gaul*
     MALINDA A. GAUL
     State Bar #08239800
     Attorney for Plaintiff